Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

_Felix Tomas Cruz_
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

_"SEE ATTACHED"_
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  [✓] Yes  [ ] No

FILED IN CLERKS OFFICE
U.S. DISTRICT COURT
DISTRICT OF MASS.
2023 FEB 10 PM 3: 02

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Felix Tomas Cruz
   Street Address: Suffolk County Jail, 200 Nashua Street
   City and County: Boston, Suffolk County
   State and Zip Code: Massachusetts 02114
   Telephone Number:
   E-mail Address:

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question       [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

*42 U.S.C Section 1983*

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual

   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation

   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

b. If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attached

IV. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Attached

See Attached

V. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: February 4th 2023

Signature of Plaintiff
Printed Name of Plaintiff: Felix Cruz

B. **For Attorneys**

Date of signing: _____

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Statement of Claim:

1.) On February 8th, 2020 while incarcerated at Old Colony Correctional Center and housed in Orientation Unit the following occurred.

2.) At approximately 7:00pm Plaintiff Cruz along with cellmate Dennis Rosa-Roman were being escorted out of the unit to New Man (Booking Area) due to the outcome of contraban (fermented juice/homebrew) being found in their cell. Plaintiff Cruz was being escorted by Defendant Lee, Defendant DeAngelo, Defendant Nye, Defendant Guerrero, Defendant Parker, Defendant Needel and Defendant Riquinha, as Defendant Dunn and Correction Officer Moore escorted Mr. Rosa-Roman.

3.) Upon Mr. Rosa-Roman approaching the Sallyport (entry way to the unit) he was grabbed, slammed to the ground and assaulted by Defendant Dunn and officer Moore (See exhibit A, incident report written by Defendant Dunn where he admits to giving two closed fist strikes to Mr. Rosa-Roman's ribs). Plaintiff Cruz was approximately 30 feet behind Mr. Rosa-Roman complying and walking when he was also grabbed immediately by Defendants Lee, DeAngelo, Nye, Needel, Guerrero, Parker and Riquinha in an attempt to bring me down to the ground to restrain me, for no reason since I was cooperating and doing as they asked of me.

4.) As Defendants held on to me (Plaintiff) by my hands, arms, and legs Defendant Riquinha punched me (Plaintiff)

in the face three times and kneed me (Plaintiff) in the face twice. (See Exhibit:B, Incident Report written by Defendant Riquinha himself where he admits to punching (Plaintiff) me three times and kneeing (Plaintiff) me twice in the face.) Also see Exhibit:C Video footage of Orientation Unit). Plaintiff was then sprayed in the face with MKIV OC Spray (Chemical Agent) by an unknown officer (John Doe). As Plaintiff was being assaulted by Defendant Riquinha, Defendants Lee, DeAngelo, Nye, Guerrero, Parker, Needel, Bonito and Billadeau held on to Plaintiff's arms, wrist and legs eventually getting him down onto the ground. Once on the ground Plaintiff noticed that he was bleeding from his nose and his facial area by all the blood dripping onto the floor. Not one of these defendants stopped nor attempted to stop Defendant Riquinha's assault on the Plaintiff including Defendant Cunha who although may not have had any physical contact with the Plaintiff, was present and standing right next to Defendant Riquinha yelling orders at the Plaintiff as Defendant Riquinha continued his assault but never once gave his officer, Defendant Riquinha, orders to stop his assault on the Plaintiff. Defendant Crutchfield and Defendant Coveney were also present although they may not have had any physical contact with the Plaintiff.

5.) After applying handcuffs and leg irons on the Plaintiff extra tight to the point where he

could barely walk, Plaintiff was escorted by Defendants Guerrero, Needel and Leroy to new man for medical clearance. Upon arrival, Plaintiff was once again assaulted. As Plaintiff was being pat searched Plaintiff was asked to lift up his foot, which had no sneaker on since they were taken off by Defendants in O.U., as Plaintiff lifted up his foot he was immediately picked up by Defendants Needel, Guerrero, Dunn, Ricci into the air, and slammed down onto the ground hard landing on the right side of his head, behind his ear (see Exhibit: D, video footage). While on the ground Plaintiff was dragged into the cell (Cell D2) where the assault continued (kicks, punches...) as he was defenseless still in restraints (shackles and handcuffed behind his back). At the end of the assault one of the Defendant (not sure which Defendant) purposely tightened the right handcuff tighter although they were extremely tight. Plaintiff immediately assumed his wrist was broken from the pain that he felt as soon as the unknown officer (John Doe) tightened it. Plaintiff is now, at this moment, feeling excruciating pain in my wrist, excruciating pain in his head, pain in his ear and was dizzy. The Defendants then left and closed the cell door, which were actually bars, as Plaintiff layed on the ground barely conscious. The entire time that the Plaintiff was getting assaulted Defendants Leroy and DeAngelo was present and observing not once intervening to stop nor attempted

to stop the other defendants assault on the plaintiff.

6.) After a few minutes the Nurse, RN Lindsay Pellegrini, eventually came. As she assessed and checked on the plaintiff wounds she asked officer Sergeant Travis to loosen up the handcuffs since they were on extremely tight to the point that his wrists and hands were swollen and numb from the blood circulation being cut off. The instant that the right cuff was loosened a jolt of pain shot down plaintiff's hand and up his arm. She immediately assumed it was broken as well letting the officers know that plaintiff needs to go to the hospital. After cleaning up his wounds on his forehead and on his nose and decontaminating his eyes she cleared him for the hospital trip. Two hours later plaintiff was still sitting in cell D2 in restraints. By this time he had started to lose consciousness to where the officer (not sure which officer) sitting outside of the cell door kept having to tell me to try to stay awake. Plaintiff's shoulders were now in pain as well from being in restraints/handcuffed behind his back for so long. After a while longer a different nurse came and started asking the plaintiff simple questions which were difficult for him to answer at that moment.

7.) At approximately 9:20 PM plaintiff was kept in restraints as officer Addo and officer Williams held onto him by his arms on either side since plaintiff

needed assistance to stand up as Officer Maldonado used scissors to cut off his clothes, in order to strip search the Plaintiff ordered by Defendant Billadeau who was also present. Plaintiff was then taken out of restraints, given clothes, put into waist-restraints and then transported to Morton Hospital.

8.) At the hospital, upon arrival, as Plaintiff was being asked by the nurse or doctor (not sure of their occupation/title) what had happen before he could even answer the officer (can't remember which one of the two) intervened and told them that he was involved in a use of force altercation. Then as the nurse was exiting the room the officer continued to speak to him outside of the room by the door where Plaintiff was unable to hear what was being said. After being medically assessed it was determined that Plaintiff suffered a concussion and a fractured (right) wrist along with abrasions to his forehead and nose. He was put into a cast and sent back to the facility.

9.) Upon arrival Plaintiff was kept in H.S.U (Health Service Unit) cell 65 for medical observation. After a few days he was ~~then~~ ~~been put~~ moved to R.H.U (Restricted Housing Unit)/ Segregation where he spent 2 weeks before being released back to general population. But the following morning at approximately 10am Plaintiff was handcuffed by IPS Sergeant Butler along with IPS (Inner Perimeter Security) Officer Oneil and taken

back to R.H.U where he spent the next 4 months pending a disciplinary hearing. The charges were assault on staff/officer along with some other minor ones. Plaintiff was later told by IPS Sgt. Butler himself that the plaintiff was released from seg after only 2 weeks with the hopes that the plaintiff would assault an officer. But because he didn't do it within 24 hours they knew that he would not do it at all since, knowing the plaintiff very well, he would have done it as soon as possible, within that 24 hour period if he was going to do it.

10.) In May 2020, plaintiff was found not guilty on assault on staff/officer by hearing officer Sgt. Riccardo O. King and release back to general population.

11.) A few months later plaintiff started getting seen by an orthopedic specialist at Boston Medical Center where it was later determined that he has permanent nerve damage in his right hand and arm and would need to take medication for the rest of his life as well as go to physical therapy due to the injury incurred by defendants during this incident.

Legal Claim:

Defendant Riquinha used excessive force against plaintiff Cruz by punching him three times in the face and kneeing him the face twice, when Cruz was not violating any prison rules and not acting disruptively. Defendant Riquinha's actions violated Plaintiff Cruz's rights under Eighth Amendment to the Constitution and caused plaintiff Cruz pain, suffering, physical injuries, and mental and emotional distress.

By witnessing Defendant Riquinha's illegal actions, and failing to correct that misconduct, Defendant Cunha is also violating Plaintiff Cruz's rights under the Eighth Amendment to the Constitution and causing plaintiff Cruz pain, suffering, physical injuries, and mental and emotional distress.

By witnessing Defendant Riquinha's illegal action, and failing to correct that misconduct, Defendant Lee is also violating Plaintiff Cruz's rights under the Eighth Amendment to the Constitution and causing plaintiff Cruz pain, suffering, physical injuries, and mental and emotional distress.

By witnessing Defendant Riquinha's illegal action and failing to correct that misconduct, Defendant DeAngelo is also violating plaintiff Cruz's rights under the Eighth Amendment to the Constitution and causing plaintiff Cruz pain, suffering

rights under the Eighth Amendment to the Constitution and causing Plaintiff Cruz pain, suffering, physical injuries, and mental and emotional distress.

By witnessing Defendant Riquintha's illegal action and failing to correct that misconduct, Defendant Bonito is also violating Plaintiff Cruz's rights under the Eighth Amendment to the Constitution and causing Plaintiff Cruz pain, suffering, physical injuries, and mental and emotional distress.

By witnessing Defendant Riquintha's illegal action and failing to correct that misconduct, Defendant Coveney is also violating Plaintiff Cruz's rights under the Eighth Amendment to the Constitution and causing Plaintiff Cruz pain, suffering, physical injuries, and mental and emotional distress.

By witnessing Defendant Riquintha's illegal action and failing to correct that misconduct, Defendant Crutchfield is also violating Plaintiff Cruz's rights under the Eighth Amendment to the Constitution and causing Plaintiff Cruz pain, suffering, physical injuries, and mental and emotional distress.

By failing to correct that misconduct of Defendant Riquintha's illegal action after being informed Defendant Kennedy is also violating Plaintiff Cruz's rights under the Eighth Amendment to the Constitution and causing Plaintiff Cruz pain, suffering, physical injuries, and mental and emotional distress.

Defendant Guerrero used excessive force against Plaintiff Cruz by picking Plaintiff into the air and slamming him, punching him and kicking him when Plaintiff Cruz was not violating any prison rules and not acting disruptively. Defendant Guerrero's action violated Plaintiff Cruz's rights under Eighth Amendment to the Constitution and caused Plaintiff Cruz pain, suffering, physical injuries, and mental and emotional distress.

Defendant Needel used excessive force against Plaintiff Cruz by picking Plaintiff into the air and slamming him, punching him, and kicking him when Plaintiff Cruz was not violating any prison rules and not acting disruptively. Defendant Needel's action violated Plaintiff Cruz's rights under Eighth Amendment to the Constitution and caused Plaintiff Cruz pain, suffering, physical injuries, and mental and emotional distress.

Defendant Ricci used excessive force against Plaintiff Cruz by picking Plaintiff into the air and slamming him, punching him, and kicking him when Plaintiff Cruz was not violating any prison rules and not acting disruptively. Defendant Ricci's action violated Plaintiff Cruz's rights under Eighth Amendment to the Constitution and caused Plaintiff Cruz pain, suffering, physical injuries, and mental and emotional distress.

Defendant Dunn used excessive force against Plaintiff Cruz by picking Plaintiff into the air and slamming

him, punching him, and kicking him when Plaintiff Cruz's rights under Eighth Amendment to the Constitution and caused Plaintiff Cruz pain, suffer, physical injuries, and mental and emotional distress.

By witnessing Defendants Guerrero, Needle, Ricci, and Dunn's illegal action and failing to correct that misconduct, Defendant Leroy is also violating Plaintiff Cruz's rights under the Eighth Amendment to the Constitution and caused Plaintiff Cruz, pain, suffering, physical injuries, and mental and emotional distress.

By witnessing Defendants Guerrero, Needel, Ricci, and Dunn's illegal action and failing to correct that misconduct, Defendant DeAngelo is also violating Plaintiff Cruz's rights under the Eighth Amendment to the Constitution and caused, Plaintiff Cruz pain, suffering, physical injuries and mental and emotional distress.

Plaintiff Cruz has no plain, adequate, or complete remedy at law to redress the wrongs described herein Plaintiff Cruz has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the **punitive**, compensatory, and nominal **Relief** which plaintiff seeks as well as declaratory judgment which Plaintiff seeks.

**Relief:**

Wherefore, Plaintiff Cruz respectfully prays that this court enter judgement:

ordering such other relief as this Court deems just and proper; finding that the acts and omissions described herein violate his rights under the Constitution and Laws of the United States and,

Granting Plaintiff Cruz compensatory damages in the amount of $50,000 against each defendant Riquintha, Dunn, Ricci, Needel and Cuerrero, jointly and severally.

Plaintiff Cruz seeks compensatory damages in the amount of $25,000 against each defendant DeAngelo, Parker, Lee, Cuntha, Coveney, Billadeau, Nye, LeRoy, Bonito, Crutchfield & Kennedy jointly and severally.

Plaintiff Cruz seeks punitive damages in the amount of $25,000 against each defendant Riquintha, Cuerrero, Dunn, Needel & Ricci jointly and severally.

Plaintiff Cruz seeks punitive damages in the amount of $15,000 against each defendant Kennedy, DeAngelo, Lee, Cuntha, Billadeau, Bonito, Nye, Parker, Crutchfield, Coveney & LeRoy jointly & severally.

Plaintiff Cruz seeks nominal damages in the amount of $10,000 against each defendant Riquintha, Cuerrero, Needel, Ricci, and Dunn jointly and severally.

Plaintiff Cruz seeks nominal damages in the amount of $5,000 against each defendant Kennedy, DeAngelo, Lee, Cuntha, Billadeau, Nye, LeRoy, Parker, Crutchfield, Coveney & Bonito, jointly and severally.

Plaintiff also seeks a jury trial on all issues

TRIABLE BY JURY.

Plaintiff Cruz also seeks recovery of his cost in this suit, medical expenses, and any additional relief this court deems just, proper, and equitable.

Date: February 4, 2023

Respectfully Submitted,

Félix Cruz #2104555
Suffolk County Jail
200 Nashua Street
Boston, MA 02114